IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HERBERT R. WOOD, #36358**                                                                       **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 4:08-cv-34-HTW-LRA**

**SERGEANT A. JENKINS AND**
**MAJOR ROBERT GRUBBS**
                                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (M.D.O.C.), currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to Title 42 U.S.C. § 1983. The named Defendants are Sergeant A. Jenkins and Major Robert Grubbs.

### Background

Plaintiff states that on June 5, 2007, he was issued a Rule Violation Report (R.V.R.) from Sergeant A. Jenkins stating that he had received a deposit in his inmate bank account from another inmate, in violation of Mississippi Department of Corrections (M.D.O.C.) policy. Plaintiff asserts that Defendant Grubbs violated his right to due process in that he did not take note that the R.V.R. was issued four days after the violation was noticed. Plaintiff states that M.D.O.C. policy requires a R.V.R. be completed within twenty four hours of a violation. Plaintiff also alleges that he was fired from his job assignment on June 4, 2007, and then was again punished with the loss of his job on June 11, 2007, at the disciplinary

hearing for the R.V.R.  Additionally, Plaintiff was reclassified[1] and lost thirty days of visitation.  As relief, Plaintiff requests that this Court order the R.V.R. be dismissed and removed from his records.  In addition, Plaintiff requests that his classification be restored and that he be allowed to report back to work.

## Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an "atypical and significant hardship" of prison life.  The protections afforded by the Due

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate.  *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim. Consequently, the Court cannot provide the relief he has requested.

## Conclusion

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Plaintiff's complaint should be dismissed with prejudice for failure to state a claim on which relief may be granted. Title 28 U.S.C. § 1915 (e)(2)(B)(ii). A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

## Three-strikes provision

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike".[2] If the Plaintiff receives "three strikes" he will be denied *in forma*

---

[2]Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

*pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

    SO ORDERED, this the 29th day of May, 2008.

                                    **s/ HENRY T. WINGATE**
                                    **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 4:08-cv-34 HTW-LRA
Memorandum Opinion and Order

---

    upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."